IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAWRENCE EDWARD THOMPSON, §<br>HCJ #00155240, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-14-3462 | |
| § | | |
| ADRIAN GARCIA, Harris County §<br>Sheriff, § | | |
| § | | |
| Respondent. § | | |

## **MEMORANDUM AND ORDER**

The petitioner, Lawrence Edward Thompson (HCJ #00155240), is an inmate incarcerated in the Harris County Jail (collectively, "HCJ"). Thompson has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from a state court conviction. After reviewing the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, however, the Court concludes that this case must be **dismissed** for reasons set forth briefly below.

## I. BACKGROUND

Thompson states in his petition that he was sentenced to serve 75 years in prison pursuant to a conviction for burglary of a building in 1985. *State v. Thompson*, No. 427418 (232nd Dist. Ct., Harris County, Tex. Oct. 17, 1985). The Court of

Appeals for the First District of Texas affirmed his sentence in 1986. *Thompson v. State*, No. 01-85-00887 (Tex. App. – Houston [1st Dist.] Jun. 5, 1986, pet. ref'd). *See* Website for First Court of Appeals, http://www.txcourts.gov/1stcoa.aspx. The Texas Court of Criminal Appeals refused Thompson's Petition for Discretionary Review on February 4, 1987. *Id.* Over the last 25 years, Thompson has filed numerous state applications for writs of habeas corpus and at least 14 federal petitions for writs of habeas corpus challenging his conviction and subsequent parole revocations. *See e.g. Thompson v. Quarterman*, No. H-07-1118 (S.D. Tex. 2007) (denial of parole); *Thompson v. Quarterman*, H-06-3720 (S.D. Tex. 2007) (dismissed for want of prosecution); *Thompson v. Johnson*, No. H-99-0402 (S.D. Tex. 2000) (parole revocation).

In this petition, dated December 1, 2014, Thompson seeks a writ of habeas corpus to challenge the validity of his custody under 28 U.S.C. § 2254. Thompson has been previously released on parole and subsequently reincarcerated pursuant to parole revocation. *See Thompson*, No. H-99-0402. He presently asserts that he was most recently released on parole on November 9, 2012, and was subsequently arrested on January 10, 2013, on felony charges of failure to comply with the sex offender registration requirements [Doc. # 1, p. 9]. Thompson remains in custody in the Harris County Jail. His petition does not specify the status of his parole revocation

proceedings, but it does indicate that an application for a writ of habeas corpus is pending in the state court system [Doc. #1, p. 3].

Thompson contends that he is entitled to relief for the following reasons:

1. Inordinate and unreasonable delay in adjudication of his state application for writ of habeas corpus;

2. Illegal designation as a sex offender; and

3. Wrongful denial of release on mandatory supervision.

[Doc. #1, p. 6].

## II. **EXHAUSTION OF REMEDIES**

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") requires a habeas petitioner to give the state courts the first opportunity to consider his federal constitutional claims. *See* 28 U.S.C. § 2254(b); *Rhines v. Weber,* 544 U.S. 269, 274 (2005). Under the governing federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct

3

alleged violations of its prisoners' federal rights." *Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006) (quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (internal citations and quotations omitted)). Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B). A reviewing court may raise a petitioner's failure to exhaust *sua sponte*. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001).

To exhaust his state remedies under the applicable statutory framework, a habeas petitioner must fairly present "the substance of his claim to the state courts." *Moore*, 454 F.3d at 491 (quoting *Vasquez v. Hillery*, 474 U.S. 254, 258 (1986)). A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(b)(1)(C). In Texas, a criminal defendant may challenge a conviction by taking the following paths: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. *See* TEX.

4

CODE CRIM. PROC. art. 11.07 § 3(c); *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

This court should not adjudicate a federal writ application while there are any habeas claims under review by the state courts. *See Deters v. Collins*, 985 F.2d 789, 797 (5th Cir. 1993) ("Because Deters' state appeal is still pending, we would have to ignore the doctrine of federal-state comity by disrupting that ongoing state process."). The Texas courts have a "rule of habeas abstention" which prevents state review of the merits of a writ of a habeas corpus application while a petition seeking the same relief is pending in the federal courts. *May v. Collins*, 948 F.2d 162, 168 -169 (5th Cir. 1991); *see also Williams v. Bailey*, 463 F.2d 247, 248 (5th Cir. 1972) ("federal disruption of the state judicial appellate process would be an unseemly and uncalled for interference that comity between our dual system forbids").

By contending that there has been an inordinate delay in the state courts' resolution of his state habeas application (Claim 1), Thompson concedes that the Texas Court of Criminal Appeals has not addressed the issues that he now attempts to present in federal court. Moreover, the Court of Criminal Appeals website indicates that Thompson's last Article 11.07 state habeas corpus application challenging the

validity of the burglary conviction (Cause No. 427418) was filed on February 25, 2009, and denied by the Court of Criminal Appeals on March 18, 2009. *See* Texas Court of Criminal Appeals Website, http://www.cca.courts.state.tx.us/opinions/CaseSearch.asp. Therefore, the state habeas application was filed and addressed prior to January 10, 2013, the date of Thompson's latest arrest pursuant to violations of parole.

The records for the Harris County District Clerk reflect that Thompson currently has a state habeas application pending in the 232nd State District Court. *See* Website, http://www.hcdistrictclerk.com. Thus he is pursuing the proper state remedy before seeking relief in the federal courts. *See Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir.1998); *Campos v. Johnson*, 958 F.Supp. 1180, 1186 (W.D. Tex. 1997) ("The Texas courts routinely review complaints about defects in parole-revocation proceedings presented through applications for state habeas corpus relief.") (citing *Ex parte Nelson*, 815 S.W.2d 737 (Tex. Crim. App.1991)). Thompson has rightfully sought review in the state courts and must wait until the state courts issue a decision. *See Grillette v. Warden, Winn Correctional Center*, 372 F.3d 765, 769 (5th Cir. 2004) (citing *Carey v. Saffold*, 536 U.S. 214, 222 (2002)). He cannot be allowed to circumvent the state system and seek relief in federal court without allowing the state courts an opportunity to rule on his claims. *See Graham v. Collins*,

94 F.3d 958, 969 (5th Cir. 1996); *Deters,* 985 F.2d at 792-794. *See also Bryant v. Bailey*, 464 F.2d 560, 561 (5th Cir. 1972). If a federal habeas petition is filed while state remedies are still being pursued, the federal court has the authority to dismiss it. *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998).

The pleadings and the available records plainly show that the Texas Court of Criminal Appeals has not yet had an opportunity to address the issues raised in the pending petition. Because this state process remains available, Thompson does not satisfy any statutory exception to the exhaustion doctrine. Comity requires this Court to defer until the Texas Court of Criminal Appeals has addressed the petitioner's claims. It follows that the pending federal habeas petition must be dismissed as premature for lack of exhaustion.

### III.   **CERTIFICATE OF APPEALABILITY**

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken

to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). Because the exhaustion prerequisite to federal habeas corpus review is well established, the Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue in this case.

## IV. CONCLUSION

For these reasons, the Court **ORDERS** as follows:

1. The petition is **DISMISSED WITHOUT PREJUDICE** for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction as required by 28 U.S.C. § 2254.

2. A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on December 9, 2014.

Nancy F. Atlas
United States District Judge